SANDHILL AMUSEMENTS, INC. v. STATE OF N.C. ex rel. PERDUE

[366 N.C. 323 (2012)]

be guided or influenced by an executive construction of a statute." (citation and quotation marks omitted)).

High Rock also advances several constitutional claims. But because we base our holding on statutory grounds, we decline to address those arguments at this time. See Hughey v. Cloninger, 297 N.C. 86, 95, 253 S.E.2d 898, 904 (1979) ("Since this case is decided on statutory grounds, further discussion of the constitutional questions raised by this appeal is unnecessary." (citations omitted)).

In conclusion, the Driveway Permit Statute is a narrow grant of power under which DOT may regulate only certain aspects of driveway connections and require applicants to complete only certain improvements. The conditions placed on High Rock's driveway permit are not authorized under the plain language of that statute. Thus, we hold that DOT exceeded its statutory authority. Accordingly, the decision of the Court of Appeals is reversed, and this case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

SANDHILL AMUSEMENTS, INC.; CAROLINA INDUSTRIAL SUPPLIES; J&F AMUSEMENTS, INC.; J&J VENDING, INC.; MATTHEWS VENDING CO.; PATTON BROTHERS, INC.; TRENT BROTHERS MUSIC CO., INC.; S&S MUSIC CO., INC.; OLD NORTH STATE AMUSEMENTS, INC.; AND UWHARRIE FUELS, LLC v. STATE OF NORTH CAROLINA; GOVERNOR BEVERLY PERDUE, IN HER OFFICIAL CAPACITY; NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY; SECRETARY OF CRIME CONTROL AND PUBLIC SAFETY BRYAN E. BEATTY, IN HIS OFFICIAL CAPACITY; ALCOHOL LAW ENFORCEMENT DIVISION; DIRECTOR OF ALCOHOL LAW ENFORCEMENT DIVISION WILLIAM CHANDLER, IN HIS OFFICIAL CAPACITY

No. 170A11-2

(Filed 14 December 2012)

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 724 S.E.2d 614 (2012), reversing an order entered on 29 November 2010 by Judge Paul C. Ridgeway in Superior Court, Wake County. Heard in the Supreme Court on 17 October 2012.

**L & S WATER POWER, INC. v. PIEDMIONT TRIAD REG'L WATER AUTH.**

[366 N.C. 324 (2012)]

*Daughtry, Woodard, Lawrence & Starling, by Kelly K. Daughtry, for plaintiff-appellees.*

*Roy Cooper, Attorney General, by John F. Maddrey, Solicitor General, and Hal F. Askins, Special Deputy Attorney General, for defendant-appellants.*

PER CURIAM.

For the reasons stated in Hest Technologies, Inc. v. State ex rel. Perdue, 366 N.C. 289, 749 S.E.2d 429 (2012) (No. 169A11-2), the decision of the Court of Appeals is reversed.

REVERSED.

———

L&S WATER POWER, INC., BROOKS ENERGY, L.L.C., DEEP RIVER HYDRO, INC., HYDRODYNE INDUSTRIES LLC, WILLIAM DEAN BROOKS, AND HOWARD BRUCE COX v. PIEDMONT TRIAD REGIONAL WATER AUTHORITY

No. 198PA11

(Filed 14 December 2012)

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous decision of the Court of Appeals, 211 N.C. App. 148, 712 S.E.2d 146 (2011), affirming an order entered on 26 October 2009 by Judge Calvin E. Murphy and an order entered on 10 May 2010 by Judge Clarence E. Horton, Jr., both in Superior Court, Guilford County. Heard in the Supreme Court on 16 October 2012.

*Boydoh & Hale, PLLC, by J. Scott Hale, for plaintiff-appellees.*

*Roberson Haworth & Reese, P.L.L.C., by Robert A. Brinson and Christopher C. Finan; and Hunton & Williams, LLP, by Charles D. Case, for defendant-appellant.*

*Len S. Anthony, General Counsel, for Carolina Power & Light Company d/b/a Progress Energy Carolinas, Inc.; and Robert B. Schwentker, General Counsel, for North Carolina Electric Membership Corporation, amici curiae.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by V. Randall Tinsley, for City of Salisbury, amicus curiae.*